IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

James Y.,

        Plaintiff,

                        Case No. 1:23-cv-2109-MLB

v.

Commissioner, Social Security Administration,

        Defendant.

_____/

**OPINION & ORDER**

    The Social Security Administration (SSA) has put Plaintiff through the wringer. Plaintiff has been trying to obtain disability benefits for over six years. Twice—once by the Administration's Appeals Council and once by this Court—decisions by administrative law judges (ALJs) denying Plaintiff benefits have been reversed and remanded for a more thorough review of the record evidence. On Plaintiff's third try, an ALJ once again denied benefits. The Commissioner of the SSA concedes the ALJ erred again and asks this Court to reverse and remand for even more administrative proceeding. (Dkt. 14.) Magistrate Judge Christopher C.

Bly issued a Final Report and Recommendation (R&R), saying the Court should grant that motion. (Dkt. 16.) Plaintiff objects. (Dkt. 18.)

## I. Background

No one challenges the Magistrate Judge's thorough and accurate description of the facts. The Court thus adopts those facts and does not repeat them here. It provides only a brief summary of Plaintiff's unfortunate foray into SSA claims administration: what the Magistrate Judge appropriately called a "mess."

In June 2018, Plaintiff applied for disability benefits. (Dkt. 5-6 at 32.)[1] The SSA denied his application. (Dkt. 5-5 at 2, 7.) In August 2019, Plaintiff requested and received a review hearing by an administrative law judge (ALJ). (Dkts. 5-3 at 59–68; 5-5 at 11–12.) The ALJ issued an order concluding Plaintiff was not disabled. (Dkt. 5-4 at 26–40.) Plaintiff appealed to the SSA's Appeals Council. (Dkt. 5-4 at 43.) It remanded, concluding the ALJ needed to give "further consideration" to certain evidence in the record. (Dkt. 5-4 at 43–44.)

In April 2020, the ALJ held a second hearing and issued another

---

[1] When citing the record, the Court refers to the CM/ECF page numbers file-stamped on the cited documents.

unfavorable decision. (Dkt. 5-3 at 15–33, 34–58.) Plaintiff appealed, and the Appeals Council denied review. (Dkt. 5-3 at 2–9.) Plaintiff appealed to this Court. (Dkt. 5-10 at 2–3.) The Commissioner then moved—and Plaintiff consented—to reversal and remand so "an [ALJ] may further consider the administrative medical findings in the context of the entire record and provide an explanation of whether those findings are persuasive or unpersuasive." (Dkt. 5-9 at 27–28.) In September 2021, the Appeals Council issued a follow-up order again directing the ALJ to give "further consideration" to the record evidence. (Dkt. 5-10 at 32–38.) The Appeals Council pointed out the ALJ's errors, including its poor evaluation of certain medical opinion evidence. (Dkt. 5-10 at 34–35.)

In May 2022, a different ALJ held another hearing. (Dkt. 5-9 at 35–58.) About a week later, he issued a third unfavorable decision finding Plaintiff not disabled. (Dkt. 5-9 at 8–34.) Plaintiff appealed, and in March 2023, the Appeals Council denied his request for review. (Dkt. 5-9 at 2–7.)

Plaintiff appealed to this Court. (Dkt. 1.) Several months later, the Commissioner again moved to reverse the ALJ's decision and remand for further proceedings. (Dkt. 14.) Plaintiff opposed, contending the proper

3

remedy is not reversal and remand for more proceedings but rather reversal and remand requiring that the Commissioner immediately award him disability benefits. (Dkt. 15 at 1.) The Magistrate Judge sided with the Commissioner. (Dkt. 16.) Plaintiff objects. (Dkt. 18.)

## II. Standard

28 U.S.C. § 636(b)(1) requires district courts to "make a de novo determination of those portions of [an R&R] to which objection is made." Any such objection "must specifically identify the portions of the [R&R] to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020)[2]; *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

---

[2] The Court recognizes *McCullars* is unpublished and not binding. The Court cites it and other unpublished cases nevertheless as instructive. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In most cases, "[a] party failing to object to [an R&R] waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *McGriff v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 469, 472 (11th Cir. 2016). Ultimately, whether objections are filed, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

The R&R recommends the Court reverse and remand for further proceedings because: (1) the ALJ failed to consider all the essential evidence in determining Plaintiff is not disabled and (2) the Commissioner's actions thus far have not resulted in substantial injustice warranting the outright award of benefits without allowing the Commissioner another chance to conduct a proper review. (Dkt. 16 at 12–17.)

## A. ALJ's Consideration of the Evidence

The Magistrate Judge concluded the ALJ failed to consider a significant amount of essential evidence. (Dkt. 16 at 13–14.) Given the "substantial gaps" in the ALJ's analysis, the Magistrate Judge also found he could not determine whether the evidence properly establishes Plaintiff's disability beyond a doubt as required by the Social Security Act. (Dkt. 16 at 14.) Accordingly, the Magistrate Judge recommends reversal and remand so the ALJ may consider all the essential evidence and develop fully the record. (Dkt. 16 at 15.) Plaintiff objects, arguing the issue is not that the record is incomplete but that the ALJ simply ignored substantial portions of it. (Dkt. 18 at 6.) According to Plaintiff, this means the Court can and should review the ALJ's findings and determine Plaintiff is disabled, thus enabling the Court to remand for an immediate award of benefits. (*Id.*)

In reviewing the denial of social security benefits, the Court's role "is to determine whether" the ALJ has properly applied the law, "and whether substantial evidence supports the Commissioner's findings; *it is not to find facts.*" *Burroughs v. Massanari*, 156 F. Supp. 2d 1350, 1367 (N.D. Ga. 2001) (emphasis added). The Court may not decide the facts

anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.  *Winschel v. Comm'r*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The Court can reverse the Commissioner's denial and remand with an order to award benefits only where the ALJ "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt."  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).  Otherwise, the Court should "remand for further proceedings" to permit the ALJ to consider the essential evidence in the first instance.  *Echols v. Astrue*, 2011 WL 1004665, at *12 (N.D. Ga. Jan. 27, 2011).

The Court agrees with the Magistrate Judge that, because the ALJ did not consider essential evidence in denying Plaintiff claim, remand is necessary.  Indeed, Plaintiff argued before the Magistrate Judge that the ALJ "impermissibly ignored" or "failed to consider" several substantial pieces of medical evidence and "erred in his duty to consider the full record." (Dkt. 10 at 22–37.)  The law is clear: the Court cannot engage in impermissible fact-finding by reviewing evidence the ALJ did not first consider.

In now arguing otherwise, Plaintiff says, "[t]here is no indication

that the ALJ failed to *consider* the evidence presented to him," but that he "failed to *properly* consider it" by "ch[oosing] to ignore substantial portions of it and mischaracteriz[ing] the fully developed evidence." (Dkt. 18 at 6 (emphasis in original).)  According to Plaintiff, because that evidence is in the record before this Court, the Court "can make the finding that the evidence establishes disability." (*Id.*)

Plaintiff's contention contradicts his prior argument and is wrong. Regardless of whether Plaintiff presented all the evidence to the ALJ, the fact remains that—as Plaintiff argued and the Commissioner conceded— there are so many significant gaps in the ALJ's analysis that the Court cannot say he considered all the essential evidence.  As the Magistrate Judge said, "the Commissioner's own ineptitude—in neglecting to consider so much of the relevant evidence—precludes the Court from making the determination that the evidence establishes disability without any doubt." (Dkt. 16 at 14–15.)  Because such a finding is a prerequisite to remand for an award of benefits, the Court cannot do so. *See Arthur H. v. Saul*, 2020 WL 5640732, at \*20 (N.D. Ga. Sept. 22, 2020) ("[I]f factual issues remain, a court cannot usurp the Commissioner's role in making a disability determination by awarding benefits."). Instead, it

8

remands for a proper review of the record. *See Racine G. v. Comm'r of Soc. Sec.*, 2021 WL 9772298, at *3 (N.D. Ga. Feb. 12, 2021) (reversing Commissioner's denial of benefits and remanding for ALJ to assess evidence properly, rather than granting outright award of benefits, where ALJ failed to consider properly essential evidence); *Sherri Q. v. Comm'r of Soc. Sec. Admin.*, 2021 WL 9720884, at *4 (N.D. Ga. Feb. 9, 2021) (same).

### B.   Substantial Injustice

The Magistrate Judge also concluded the Court cannot remand for an immediate award of benefits because the Commissioner's treatment of Plaintiff has not resulted in "substantial injustice." (Dkt. 16 at 16.) The Magistrate Judge explained, "[a]s tempting as it is to put an end to the mess the agency has made of this case," the cases "reversing based on a substantial injustice have typically involved situations even more egregious than those presented here." (Dkt. 16 at 15–16.) Plaintiff objects, arguing the R&R improperly focuses on the amount of time and number of remands involved in this case, when instead the Court should look to the fact that "because the ALJ was so deficient in his duty," giving the Commissioner yet another chance to properly review Plaintiff's case

9

would result in substantial injustice. (Dkt. 18 at 12.) The Commissioner responds that substantial injustice is not an independent ground for remanding a case for the awarding of benefits and that a claimant must prove a qualifying disability before receiving benefits. (Dkt. 20 at 2–5.) The Court agrees with the Commissioner.

Other judges in this district have sometimes remanded cases and ordered an award for benefits "where a substantial injustice has occurred." *See, e.g.*, *James D. v. Comm'r of Soc. Sec.*, 2020 WL 10574742, at *14 (N.D. Ga. Apr. 3, 2020); *Brown o/b/o Q.T.B. v. Colvin*, 2014 WL 12857764, at *8 (N.D. Ga. Sept. 8, 2014). Some of those decisions have ordered the Commissioner to award benefits to claimants despite an ALJ never having properly evaluated whether those claimants had qualifying disabilities. *See James D.*, 2020 WL 10574742, at *14; *Brown*, 2014 WL 12857764, at *8. In support, they cite the Eleventh Circuit's decision in *Walden v. Schweiker*, 672 F.3d 835 (11th Cir. 1982). The Court concludes those cases have misinterpreted *Walden* and are inconsistent with the Social Security Act and Eleventh Circuit precedent.

In *Walden*, the Eleventh Circuit reversed and remanded a decision by the Commissioner denying the plaintiff benefits, concluding the ALJ

erred by finding the plaintiff was not disabled. *Id.* at 839. The *Walden* court reviewed the ALJ's analysis—which included an evaluation of testimony from the plaintiff's treating physician—and found the ALJ could only have reached its conclusion by "disbeliev[ing] or disregard[ing]" the physician's testimony. *Id.* Meaning the testimony otherwise supported the plaintiff's claim. But the ALJ made "no findings as to credibility." *Id.* Because of that—and because "[t]here was no contrary or conflicting testimony," the Eleventh Circuit held the ALJ should have afforded the physician's testimony "considerable weight." *Id.* at 840. Finding the plaintiff's "unrefuted evidence" established her prima facie case, the Eleventh Circuit reversed the ALJ's decision. *Id.* In doing so, the Eleventh Circuit noted in passing that, "[d]ue to the perfunctory manner of the hearing, the quality and quantity of errors pointed out, and the lack of substantial evidence to support the ALJ's decision, this court is of the opinion the appellant has suffered an injustice." *Id.* Courts that have held "substantial injustice" provides an independent basis for the automatic award of benefits have latched onto this language as allowing that authority.

The Eleventh Circuit, however, did *not* hold in *Walden* that a court

11

can award a plaintiff benefits solely because of substantial injustice. While the *Walden* court referred to the plaintiff's unjust treatment, nothing about its decision suggested injustice provides an independent basis for a benefits award.[3] Indeed, the Eleventh Circuit in *Walden* reviewed the ALJ's decision and made substantive findings explaining why the decision was wrong. It would not have done that analysis if "injustice" was enough. And the Court only awarded benefits *after* it concluded the plaintiff had met her burden of proving a disability.

Holding otherwise would vitiate the Eleventh Circuit's clear

---

[3] Tellingly, the Eleventh Circuit in *Walden* never used the words "substantial injustice," and none of the courts finding "substantial injustice" actually explain what it means. The standard is too subjective to work. This case is a great example. The Magistrate Judge said whether the injustice Plaintiff has suffered is "substantial" poses a "close question." (Dkt. 16 at 15.) In finding against Plaintiff, the Magistrate Judge compared this case to "more egregious" cases that involved the Commissioner stringing claimants along either for a longer time or with more reversals. (Dkt. 16 at 16.) Where is the line? Plaintiff says, maybe "[t]he question of substantial injustice is one of the qualitative and cumulative effect of repeated willful errors—not a simple question of years waited or appeals prosecuted." (Dkt. 18 at 12.) So amorphous. That reasonable minds could disagree on the level of injustice is even more reason to conclude courts cannot employ a judge-made standard that essentially rewrites the directives of the Eleventh Circuit and the Social Security Act. *See* 42 U.S.C. § 423(a)(1)(E) (claimant seeking benefits for disability must be "under a disability . . . as defined in" the Act).

command that a "court may reverse the Commissioner and award benefits *only* if the Commissioner 'has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt.'" *Stewart v. Comm'r of Soc. Sec. Admin.*, 746 F. App'x 851, 855 (11th Cir. 2018) (emphasis added) (quoting *Davis*, 985 F.2d at 534); *see also Jack v. Comm'r, Soc. Sec. Admin.*, 675 F. App'x 887, 890 (11th Cir. 2017) (holding "an immediate award of benefits occurs in very limited circumstances," and is not appropriate where it is "not clear that the cumulative effect of the evidence establishes disability without any doubt"). Indeed, the Eleventh Circuit has emphasized that courts must "resist[]" the "tempt[ation] . . . to cut through delay" by "determining for [themselves] whether the claimant has" proven a disability, as "it would be an affront to the administrative process if courts were to engage in direct fact finding in these Social Security disability cases." *McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986). The Eleventh Circuit could not be clearer: a district court cannot remand for an immediate award of benefits if an ALJ has not first examined all the essential evidence and determined whether the plaintiff proved disability beyond a doubt.

Plaintiff, a disabled veteran, deserves justice—but that means a reasoned decision about his entitlement to benefits rather than the careless treatment he has received so far. (Dkt. 18 at 13.) The Court simply cannot provide the relief sought.

## IV. Conclusion

The Court **OVERRULES** Plaintiff's Objections to the R&R (Dkt. 18), **ADOPTS** the R&R (Dkt. 16) as modified herein, **GRANTS** the Commissioner's motion to reverse and remand this case (Dkt. 14), **REVERSES** the Commissioner's final decision, and **REMANDS** this case for further administrative proceedings.

**SO ORDERED** this 6th day of September, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

14